Michael Charles Benson, AK Bar No. 1311070
Assistant Federal Public Defender
Email: Michael_Benson@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBERT ANDREW ARIAS,

Defendant.

Case No. 3:25-cr-00123-SI

DEFENDANT'S SENTENICNG MEMORANDUM

The defendant, Robert Andrew Arias, through counsel, Michael Charles Benson, submits this Memorandum for the Court's review and consideration in determining a reasonable sentence that is "sufficient, but not greater than necessary," as required by 18 U.S.C. § 3553(a). A sentencing hearing is currently scheduled for October 29, 2026.

On August 3, 2026, Mr. Arias pleaded guilty to Distributing Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), (b)(1), and Possession of a Child Pornography, in violation of 18 U.S.C. §§ 2252(A)(a)(5)(B), (b)(2). He has reviewed the Presentence Investigation Report ("PSR") with defense counsel and has no unresolved objections as to the applicable guidelines range.

Mr. Arias requests that the Court impose a sentence of 70 months of incarceration, followed by supervised release. This sentence is below the guideline range. In calculating a sentence, the Court is required to consider the advisory sentencing guidelines, but cannot presume that they are reasonable. *See* 18 U.S.C. §§ 3553(a)(4)-(5); *United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) ("It would have been error had the judge actually attached a presumption of reasonableness to the Guidelines range or weighed the Guidelines range more heavily than the other § 3553(a) factors."). The guidelines are intended to be based on careful empirical study by the United States Sentencing Commission. *Kimbrough v. United Sates*, 552 U.S. 85, 89 (2007). Whatever persuasive power they may have is diminished when the guidelines depart from that methodology. *Id*.

With respect to the guidelines for child pornography, the Sentencing Commission itself concludes they are outmoded, inconsistent with the empirical approach it is supposed to use, and provide no real judicial guidance:

> Most stakeholders in the federal criminal justice system consider the nonproduction child pornography sentencing scheme to be seriously outmoded. Those stakeholders, including sentencing courts, increasingly feel that they "are left without a meaningful baseline from which they can apply sentencing principles" in nonproduction cases. Report to Congress Federal Child Pornography Offenses December 2012, Executive Summary at iii (Sentencing Commission Report).[1]

The guidelines, employing an empirical approach, are supposed to seek "proportionality in sentencing through a system that imposes appropriately different sentences" based on conduct. USSG Ch. 1 Pt. A § 3. But, with respect to child pornography offenses the commission itself has

[1] Available at https://www.ussc.gov/research/congressional-reports/2012-report-congress-federal-child-pornography-offenses.

found that the guidelines impose a full thirteen offense level increase in most cases “and, thus, fail to differentiate among offenders in terms of their culpability.” Sentencing Commission Report at iii. In a 2021 report the Commission continued to find that enhancements applicable in this case apply to the overwhelming majority of child pornography cases. Federal Sentencing of Child Pornography: Non-Production Offenses at 4.[2]

Courts have begun to recognize that the child pornography guidelines lead to overly harsh sentences, are not based upon empirical evidence or statistical studies and contain numerous onerous upward adjustments most of which apply to most defendants. Indeed, the Ninth Circuit approved of downward variances in child pornography cases for precisely these reasons, *United States v. Henderson*, 649 F.3d 955, 962-63 (9th Cir. 2011), and district courts all over the country are varying downward. *See, e.g., United States v. Conner*, 16CR0333-JAH (S.D.C.A. Nov. 10, 2016) (imposing a sentence of 5 years probation and 30 months of home confinement in a child pornography case where the Guidelines range was 51-63 months); *United States v. R.V.*, 14cr316-JBW, (E.D. N.Y. Jan. 22, 2016) (imposing time-served (5 day) sentence even though the child pornography Guidelines range was 78-97 months). In *R.V.*, Judge Weinstein lists 13 other instances where district judges imposed probationary or alternatives to incarceration at sentencing imposed in child pornography cases.[3]

---

[2] Available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20210629_Non-Production-CP.pdf

[3] *United States v. D.M.*, 942 F. Supp. 2d 327, 352 (E.D.N.Y. 2013); *United States v. Autery*, 555 F.3d 864, 867 (9th Cir. 2009) (affirming non-Guidelines sentence of five years of probation and no incarceration for possession of child pornography); *United States v. Stall*, 581 F.3d 276, 277-78 (6th Cir. 2009) (affirming non-Guidelines sentence of one day in custody followed by ten-years supervised release); *United States v. Prisel*, 316 F. App’x 377, 378 (6th Cir. 2008) (affirming non-Guidelines sentence of one day in prison followed by 18 months home confinement for possession of child pornography); *United States v. Rowan*, 530 F.3d 379, 380

In this case Mr. Arias is receiving nine levels of enhancement that are applied in the overwhelming majority of cases. PSR ¶¶ 33-37. Without this nine-level increase, Mr. Arias's final adjusted offense level including acceptance of responsibility would be 25 and his guideline sentencing range would be 57-71 months. Mr. Arias's request is consistent with a high-end guideline calculation under that scenario. The guidelines do not accurately capture either the nature of Mr. Arias's offense conduct as compared with other cases, or his extremely low risk of recidivism.

Mr. Arias acknowledges that the guidelines also do not capture his role as a moderator in the CSAM related chatrooms he participated in. Absent that role, with Mr. Arias's strong prospects for rehabilitation, lack of criminal history, success on pretrial release, and serious

---

(5th Cir. 2008) (affirming non-Guidelines sentence of five years probation and no incarceration for possession of child pornography); *United States v. Polito*, 215 F. App'x 354, 355 (5th Cir. 2007) (per curiam) (affirming non-Guidelines sentence of five years probation with one year house arrest for possession of child pornography); *United States v. Crespo-Rios*, No. 08-CR-208, 2015 WL 6394256, *1 (D.P.R., Oct. 19, 2015) (holding "that resentencing Defendant to the same sentence—that is, time served followed by a long period of supervised release—is justified in view of each of the sentencing factors outlined in 18 U.S.C. § 3553"); *United States v. Mallatt*, No. 13-CR-3005, 2013 WL 6196946, at *13 (D. Neb. Nov. 27, 2013) ("sentence of time served, followed by six years of supervision with special conditions including intensive treatment is adequate to fulfill the goals of sentencing in this case"); *United States v. Diaz*, 720 F. Supp. 2d 1039, 1048 (E.D. Wis. 2010) (imposing non-Guidelines sentence of six months of incarceration followed by twelve years' supervised release); *United States v. Meillier*, 650 F. Supp. 2d 887, 887 (D. Minn. 2009) (imposing non-Guidelines sentence of one day of confinement followed by 30 years supervised release); *United States v. Boyden*, No. 06- CR-20243, 2007 WL 1725402, at *10 (E.D. Mich. June 14, 2007) (imposing non-Guidelines sentence of one day of confinement followed by three years supervised release, the first year of which to be served in a community correctional facility); *United States v. Evren*, No. 10-CR-131 (E.D.N.Y. Feb. 26, 2013) (Docket No. 59) (imposing non-Guidelines sentence of three years probation in possession of child pornography case); *see also United States v. Morace*, 594 F.3d 340, 351 n. 10 (4th Cir. 2010) (noting "that some district courts have begun sentencing defendants convicted of possessing child pornography to one day of incarceration followed by a term of supervised release").

medical issues a sentence at the mandatory minimum might be appropriate. Mr. Arias believes that increasing his sentence to seventy months adequately accounts for this conduct.

Dated: October 21, 2026.

*/s/ Michael Charles Benson*
Michael Charles Benson, AK Bar No. 1311070