SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAMELA PAASO, TXSB #24060371**
Assistant United States Attorney
Pamela.Paaso@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**ROBERT ANDREW ARIAS,**

**Defendant.**

**3:25-cr-00123-SI**

**GOVERNMENT'S SENTENCING MEMORANDUM**

## Introduction

Defendant Robert Arias received and distributed a prolific amount of child sexual abuse material, including images of prepubescent children, across several networks. Defendant should receive the low-end guideline sentence of 151 months, followed by a ten-year term of supervised release.

## Factual Background

### A. The Offense Conduct

In 2022, Federal Bureau of Investigation (FBI) agents gained access to groups on the social media platform Wickr that were devoted to trading child pornography. Investigators identified a user using the email dippitty@protonmail.com ("Dippitty"). Dippitty regularly

distributed and received child pornography in the Wickr networks on an almost daily basis, across multiple chatrooms. Dippitty was a moderator of his own child pornography trading room on Wickr, named “Elite Pro ONLY” described as “This is a small, invite/recommendation ONLY Group with deep proof of vetting...” On October 8, 2023, a user posted a video of child pornography depicting an adult female performing oral sex on a prepubescent female. Dippitty saved the video to the chatroom archives and requested more content from the user who posted the video. In early 2023, the FBI learned that many of the users from the Wickr networks, including Dippitty, had migrated to an end-to-end encrypted social media application called TeleGuard. On November 20 and 21, 2023, Dippitty posted videos to the TeleGuard chatroom “Aye Spy – Voyeur, Spy, Nudism.” One such video depicted a prepubescent boy approximately seven to nine years old performing oral sex on an adult woman. Dippitty was a moderator of a network on TeleGuard, and in that capacity, acted as an archivist for child pornography files posted on that network. The FBI identified Dippitty as the defendant through subpoenas for his IP addresses and related emails.

On December 20, 2023, a federal search warrant was executed at defendant’s home in Salem, Oregon. Defendant was interviewed and admitted to being the user of the “Dippitty” account on Wickr. FBI agents accessed defendant’s phone pursuant to the search warrant and found the application TeleGuard. Defendant was signed in as “Dippitty” and was the member of multiple chatrooms devoted to trading child pornography.

A review of devices seized from defendant’s home, including two laptop computers and a cellphone, revealed hundreds of images and videos of child pornography, including images and videos featuring prepubescent children engaging in sexually explicit conduct.

/ / /

**B. The Charges**

A grand jury returned an Indictment on April 1, 2025, charging defendant with one count of Distributing Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), one count of Receiving Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) and one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). On August 3, 2026, defendant pled guilty to all three counts without a plea agreement between the parties.

**C. The Guideline Computations**

The government agrees with the guidelines as calculated in the Presentence Report (PSR), including the level of acceptance pursuant to USSG § 3E1.1(b).

**Government's Recommended Sentence**

While defendant has no prior criminal history, he possessed over 300 videos and nearly 1,000 images of child pornography, and facilitated the receipt and distribution of CSAM across several platforms as an archivist and moderator. Pursuant to 18 U.S.C. § 3553(a) and taking the personal characteristics of the defendant into consideration, specifically his age, health and performance of pretrial release, the government is recommending a sentence of 151 months. This low-end guideline sentence followed by a ten-year term of supervised release is sufficient to hold defendant accountable for his actions and deter more of the same going forward. The government supports the mandatory, standard and special conditions recommended by the U.S. Probation Office.

/ / /

/ / /

/ / /

**Victim Impact, Restitution and Forfeiture**

The government has not received any victim impact statement and requests for restitution. Should the government receive any statements or requests, they will be provided to the Court, defense counsel, and U.S. Probation.

The government intends to file a motion for entry of a preliminary order of forfeiture and final order of forfeiture as to defendant for the digital devices referenced in bill of particulars (ECF 11).

**Conclusion**

Based on the foregoing, the government recommends that this Court impose a low-end guideline sentence, followed by a ten-year term of supervised release, a $100 special fee assessment, and forfeiture of his devices listed in the bill of particulars (ECF 11).

Dated: October 21, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Pamela Paaso*
PAMELA PAASO, TXSB #24060371
Assistant United States Attorney